UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KEYSER AVENUE PROPERTIES, LLC          CIVIL ACTION 06-2199


VERSUS                                 U.S. DISTRICT JUDGE DEE DRELL


FRED'S STORES OF TENN., INC.
                                       U.S. MAGISTRATE JUDGE JAMES D.
                                       KIRK

### Report and Recommendation

Before the court is plaintiff's motion to remand, **Doc. #12**, referred to me by the district

judge for Report and Recommendation.

This is a  suit in which plaintiff seeks a declaratory judgment concerning a "use clause" in

a commercial lease of shopping center space. Specifically, plaintiff seeks a ruling that the use

clause in Fred's lease prohibits it from selling foodstuffs, the exclusive right to which has been

granted to another tenant by plaintiff's predecessor. Suit was filed in state court in Natchitoches

Parish and removed by the defendant to this court based on diversity jurisdiction. Defendant

states, in its Notice of Removal, that this court has jurisdiction in that plaintiff "has failed to

indicate or stipulate that her (sic) damages are less than the jurisdictional minimum of this court

and thus . . . jurisdiction has properly vested in this court."[1]

Plaintiff moves to remand asserting that defendants have failed in their burden to prove

---

[1]  The errors generated by form pleading in notices of removal have been previously
pointed out to counsel. See Murray v. Oliver, 05-1964, Doc. 15 at fn 1.

1

jurisdiction. Further, plaintiff asserts that this is a declaratory judgment case and plaintiff is not

seeking any damages. Plaintiff suggests, therefore, that the amount in controversy should be

measured by "the value of the object of the litigation".

Analysis

It is well settled that the removing party bears the burden of establishing the facts

necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied

different standards of proof, depending upon whether the complaint prays for a specific amount

of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint

alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000,

the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for

less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct.

586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not

applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that

the amount in controversy exceeds $75,000.  De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir.

1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages

sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a

preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I,

supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it

is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by

setting forth the facts in controversy–preferably in the removal petition, but sometimes by

affidavit–that support a finding of the requisite amount."  Allen, 63 F.3d  at 1335.  See Luckett v.

2

Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. The petition asserts that plaintiff is entitled to a declaratory judgment, as described above.

It is not facially apparent from the petition that the damages exceed the jurisdictional limit. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Compare Luckett supra, and Gebbia, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

Plaintiff is correct in suggesting that when an action demands declaratory or injunctive relief, the amount in controversy is measured by "the value of the object of the litigation". Hunt v. Washington State Apple Adv. C., 97 S.Ct.2434 (1977); Garcia v. Koch Oil Company of Texas, Inc., 351 F.3d 636 (5th Cir. 2003). Costs or damages which are collateral to the true object of the litigation, however, should not be included in the computation of the amount in dispute. Koch, supra.

In this case, the true object of the litigation is a declaratory judgment interpreting the Fred's lease regarding what it can sell. The value of the claim, viewed from plaintiff's perspective[2], is the value of the lease. Defendant argues that the amount in dispute should include 1)the value of the lease including renewals through the potential end of its term in 2013, 2) the potential value of the cost of Keyser's litigation with Brookshire's, and 3) the value of Fred's potential sales of the foodstuffs in dispute.

Defendant points to its Notice of Removal as supporting jurisdiction on these bases; however that Notice is not helpful in resolving the issue. The Notice of Removal does not set forth facts in controversy which support removal. The affidavit attached is relevant only to the cost of foodstuffs sold, an issue I find is collateral to the true object of this litigation because those are not amounts in dispute viewed from plaintiff's perspective. Similarly, the cost of any potential litigation between Brookshires, the other tenant, and plaintiff is speculative, and thus collateral. Finally, the value of the lease is insufficient to meet the jurisdictional limit of this court.

---

[2] In Garcia, supra, the 5th Circuit made clear that the amount in controversy is to be viewed from plaintiff's perspective. Garcia, supra, at 640, fn 4.

Defendant sets forth that the lease provides for a monthly payment of $4,629.17 per month and the lease term expires on January 31, 2008 with options to renew through 2013, as set forth in the attachments to its brief. Therefore, it argues, the amount in dispute is met. However, the attachments to defendant's brief are not identified by affidavit. <u>Allen</u>, supra; <u>Luckett</u>, supra. Further, the lease options are speculative and collateral. Even assuming that the lease payment amounts and expiration date of January 31, 2008 had been properly set forth by affidavit, they do not meet the jurisdictional limit

In summary, the defendant has failed in its burden to demonstrate the amount in dispute, that is the value of the object of this litigation.

For these reasons, plaintiff's Motion to Remand, should be GRANTED. Plaintiff's motion for attorney fees and costs should be DENIED.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of February, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE