## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

_____

| | |
|---|---|
| **KEYSER AVENUE PROPERTIES, L.L.C.** | **CIVIL ACTION NO. 06-2199-A** |
| -vs- | **JUDGE DRELL** |
| **FRED'S STORES OF TENNESSEE, INC.** | **MAGISTRATE JUDGE KIRK** |

## RULING AND JUDGMENT

The Motion for Remand before us is adequately described in the Report and Recommendation from the magistrate judge. Nevertheless, for the sake of clarity, we make the following additional observations regarding the jurisdictional amount.

First, we observe the statement of the Fifth Circuit's *Garcia* rule for determination of the amount in controversy to be correct. More particularly stated: "The value to the plaintiff of the right to be enforced or protected determines the amount in controversy." *Garcia v Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 640 n.4 (5th Cir. 2003). Applied correctly by the magistrate judge, the only issue about which there could be a dispute here is the actual value of the lease between Keyser and Fred's. Everyone agrees that the rental amount of $4,629.17 per month cumulated through January 31, 2008, would be insufficient,

standing alone, to meet the jurisdictional amount. Yet, Fred's believes we should consider the lease option available to it through 2013. The magistrate judge observed that even if Fred's had properly documented the lease as an exhibit in this case, the options are "speculative and collateral." Why is that so? The answer lies in the lease language itself. The document purporting to be the actual lease, attached without affidavit to Fred's objection to the Report and Recommendation, allows for Fred's to renew the lease from January 2008 until 2013. Even if we allow that the unverified lease is a true copy of the original, the option is indeed only speculative. It requires both exercise of the option to renew AND renegotiation of the rental amount. The failure of either to occur successfully would end the lease in 2008. While arguably not "collateral" as suggested by the magistrate judge, the future amounts are indeed entirely speculative, as Fred's might well choose not to renew at all.

Accordingly, for the reasons stated in the Report and Recommendation of the magistrate judge previously filed herein, and after an independent (de novo) review of the record, including the objections filed by both parties, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that the Motion to Remand (Doc. No. 12) is GRANTED.

Keyser has also objected to the Report and Recommendation indicating its request for an award of attorney fees and costs resulting from this remand. Such

an award is discretionary. The Supreme Court has also said that, absent unusual circumstances, an award of attorney fees on remand is not appropriate when the defendant had an objectively reasonable basis for removal, *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The award of costs is appropriate and is adjudged. An award of attorney fees is DENIED here because we cannot say the attempted removal of this matter was frivolous or objectively unreasonable. Determination of the jurisdictional amount in this case, a demand for declaratory judgment, could not easily be made in advance of a court ruling on the same. An attorney fee award here would, therefore, be a penalty, not appropriate under these circumstances.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff, as prevailing party, is awarded all costs of this proceeding. Plaintiff's demand for attorney fees is DENIED.

SIGNED on this 26th day of February, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge